Owen, J.
There is much discussion in the briefs as to whether the clause in the contract by which Patrick agreed to convey the premises to the plaintiff by a “good and sufficient deed, in fee simple, free and clear of all liens and in-cumbrances,” etc., entitles the plaintiff to a deed containing the usual covenants of warranty, as found by the court. It is not necessary for us to determine whether Patrick, if liv *3 ing, could be compelled to execute a deed containing the covenants required by the judgment in this case. This is not an action against Patrick. It is an action against his widow and sole heir at law. It is brought under sec. 3501, Stats., which provides:
“Whenever any person who is bound by a contract in writing to convey any real estate or interest therein shall die before making the conveyance the person entitled thereto, or if he be dead then any person who would have been entitled to the estate under him as heir, devisee or otherwise, in case the conveyance had been made according to the terms of the contract, or the executor or administrator of such deceased person, for the benefit of the person so entitled, may maintain an action in the circuit court to enforce a specific performance of the contract by the heirs, devisees or the executor or administrator of such deceased person who made the contract. If in such action it shall appear that the plaintiff is entitled to have a conveyance of such real estate the court may require such executor or administrator to convey the estate in like manner as the deceased person might or ought to have done if living; and if the heirs or devisees of such deceased person or any of them shall be within the state and made parties to such action the court may require them, instead of the executor or administrator, to convey the estate or may require them to join with the executor or administrator in such conveyance; or the court may, by its judgment, pass the title to such real estate to the plaintiff without any conveyance; and every conveyance or judgment so made shall be effectual to pass the estate contracted for as fully as if the contracting party were still living and then executed the conveyance.”
This section gives the court power to “require such executor or administrator to convey the estate in like manner as the deceased might or ought to have done if living,” and under certain circumstances to require the heirs, “instead of the executor or administrator, to convey the estate,”' or to “join with the executor or administrator, in such conveyance,” or “the court may, by its judgment, pass the title to such real estate to the plaintiff without any conveyance.” *4 Manifestly the purpose of this statute was to bring about the conveyance of the estate. Such conveyance “shall be effectual to pass the estate contracted for as fully as if the contracting party were still living and then executed the conveyance.” There is nothing in the statute to indicate a legislative intent that any one, whether it be the administrator, executor, or heirs, should assume the personal responsibility arising from the covenants required by the judgment of the court, and certainly a conveyance by the court carries with it no such covenants. It is plain that the law could not compel the assumption of such obligations by any one. Certainly the executor or administrator could not be compelled to assume such a personal obligation, and we know no theory of law by which a man can cast upon his heirs or devisees obligations to perform his covenants to their detriment. They cannot be compelled to pay his debts out of their own property.
In this case the widow received but a small portion of the purchase price. In case of a breach of any of the covenants which the court required to be inserted in the deed, the damages might be many times greater than the amount she received as a part of the purchase price and greater, than the amount she received from the entire estate. If she signed a deed containing the covenants required by the judgment of the court, she would thereby pledge her personal estate to the discharge of her husband’s obligations. This the law cannot compel. It amounts to the taking of property without due process of law. The statute does not attempt to do it. It merely affords a method by which the estate of the deceased may be transferred to the purchaser. Whether the deed be executed by the. administrator, the executor, the heir, or the estate transferred by the court, the effect is “to pass the estate contracted for as fully as if the contracting party were still living and then executed the conveyance.” If the deceased had a perfect title, that title is conveyed. If he did not have a perfect or marketable title, the purchaser is *5 not obliged to accept the conveyance, and he has the same remedies' against his estate for 'breach "of the' contract as would be available against him if he were -living.. .
The court was in error in rendering judgment requiring the defendant to execute a deed containing the covenants therein required. The deed tendered by her fully discharged her obligations in the premises. The complaint of the plaintiff should have been dismissed.
• By the Court. — Judgment reversed, and cause remanded with instructions to dismiss the plaintiff’s complaint.